UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TIMOTHY DOYLE YOUNG, #60012-001,

        Plaintiff,

v.

        Case No. 2:18-cv-12047
        Honorable Nancy G. Edmunds

JEFF SESSIONS,

        Defendant.

_____/

## ORDER DENYING LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FEES AND COSTS FOR THIS ACTION AND SUMMARILY DISMISSING THE COMPLAINTS PURSUANT TO 28 U.S.C. § 1915(g)

### I. Introduction

This matter is presently before the Court on plaintiff Timothy Doyle Young's civil complaint and amended complaint. Plaintiff is an inmate at a United States penitentiary in Florence, Colorado. The defendant is United States Attorney General Jeff Sessions. Plaintiff's initial complaint alleges that Attorney General Sessions caused Plaintiff to lose a prior civil rights lawsuit in this District.[1] The complaint further alleges that Mr. Sessions has placed Plaintiff's life in danger by (1) allowing the Federal Bureau of Prisons to engage in criminal conduct and (2) refusing to enforce the Constitution's "Take-Care"

---

[1] The prior case in question was dismissed without prejudice because Plaintiff failed to comply with a court order to pay the filing fee or to submit an application to proceed *in forma pauperis* and supporting documents. *See Young v. United States, et al.,* No. 2:13-cv-10359 (E.D. Mich. Mar. 21, 2013).

Clause.[2] The amended complaint raises fifty additional claims regarding a wide variety of issues, ranging from health-care concerns to the alleged denial of Plaintiff's right of access to the courts.

## II.  Discussion

### A.  The "Three Strikes" Rule

Plaintiff did not pay the filing fee for his complaint when he commenced this action, and he has not asked for permission to proceed *in forma pauperis*.  However, because Plaintiff indicates in claim 34 of the amended complaint that he is indigent, the Court assumes that he wishes to proceed without prepayment of the fees and costs for this action.

A federal litigant who is too poor to pay court fees ordinarily "may commence a civil action without prepaying fees or paying certain expenses."  *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (citing 28 U.S.C. § 1915).  Nevertheless,

> a special "three strikes" provision prevents a court from affording *in forma pauperis* status where the litigant is a prisoner and he or she "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."

*Id.* (quoting § 1915(g)).  An exception to this rule applies when "the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

---

[2] This Clause states that the President of the United States "shall take Care that the Laws be faithfully executed . . . ."  U.S. Const., art. II, § 3, cl. 3.

Plaintiff has filed at least three previous complaints that were dismissed as frivolous or malicious or for failure to state a claim for which relief may be granted. *See Young v. United States*, 88 Fed. Cl. 283, 291 (2009) (collecting cases). Additionally, some courts have barred Plaintiff from proceeding without prepayment of the filing fee for a civil action because he has "three strikes" under 28 U.S.C. § 1915(g). *See Young v. United States*, No. 1:14-cv-11930, 2014 WL 2533834, at *2 (E.D. Mich. June 5, 2014); *Young v. United States*, No. 3:14-cv-0420, 2014 WL 1660689 (N.D. Texas Apr. 18, 2014). In fact, Plaintiff apparently has been barred from filing any *in forma pauperis* petitions in federal court. *See Young*, 88 Fed. Cl. at 292 (stating that "Mr. Young is subject to the 'three strikes rule,' and remains barred from filing further *in forma pauperis* petitions with this or any other federal court"). Therefore, Plaintiff may not proceed without prepayment of the filing fee for this action unless "he is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## B. The "Imminent Danger" Exception

The "imminent danger" exception to § 1915(g) "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011). "[T]o allege sufficiently imminent danger, . . . 'the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed.' " *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008)).

> In addition to a temporal requirement, . . . the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To

> that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 Fed. Appx. at 798 (internal quotation marks and citations omitted). . . .

*Id.*

Many of Plaintiff's allegations concern issues unrelated to any physical injury. In his initial complaint, Plaintiff alleges that Attorney General Sessions caused him to lose a lawsuit, allowed the Federal Bureau of Prisons to engage in criminal conduct, and refused to enforce the Constitution's "Take Care" Clause. In his amended complaint, Plaintiff contends, among other things, that federal officials have: covered up criminal acts (claims 2 and 7); interfered with his mail and other communications (claims 6, 13, 16-17, and 45); violated his right of access to the courts or to administrative remedies and withheld postage, supplies, and services (claims 12, 14, 18-24, 26, 35, 41, and 49); retaliated against him (claim 25); destroyed or falsified his records (claims 5, 9, and 28); conspired against him (claims 29-30 and 39); conducted an improper search (claim 15); mismanaged his trust fund account (claim 31); taken his good-time credits (claims 43-44); charged and convicted him of a false crime (claim 48); committed a fraud on the court (claim 49); refused to file petitions for review (claim 50); and concealed human rights violations (claim 51).

In contrast, other claims in the amended complaint suggest that Plaintiff may be in danger of serious physical injury. Claims 37-38, for example, allege that prison officials assaulted Plaintiff and used excessive force on him, and claim 42 alleges that prison officials placed Plaintiff near his enemies. Those claims, however, concern incidents that

4

occurred in 2008 and 2013, and "a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the [imminent danger] exception" to the "three strikes" rule. *Rittner*, 290 F. App'x at 797–98.

Elsewhere, Plaintiff alleges that federal officials have conspired to withhold medical treatment (claim 10), including life-saving treatment for Hepatitis C (claim 3), dental care (claim 8), and medication (claim 36). But most of those incidents occurred between 2011 and 2017. S*ee* Amended Compl., ECF No. 3, PageID. 11-12, 34, 40-43, and 121-23. Thus, those allegations also are insufficient to invoke the "imminent danger" exception to the rule.

In claim 3, Plaintiff states that, from 1997 through 2018, the Department of Justice has withheld an MRI, CT scan, and liver biopsies. *See id.*, PageID.12. While it is true that "a failure to treat a chronic illness or condition satisfies the imminent-danger exception under § 1915(g)," *Vandiver*, 727 F.3d at 587, Plaintiff admits that physicians and other medical professionals have consulted with him and that they ultimately ordered an ultrasound and CT scan. *See* Amended Compl., ECF No. 3, PageID.15-16, 121-23. Therefore, Plaintiff has failed to show that he was under imminent danger of serious physical injury when he filed his complaint.

Plaintiff, nevertheless, argues that the "three strikes" clause of § 1915(g) is unconstitutional because it deprives him of a remedy, violates the Cruel-and-Unusual Punishment Clause of the Eighth Amendment, and limits his access to the courts solely because of his poverty. *See id.*, PageID. 10, 117-18. The Sixth Circuit, however, has rejected arguments that § 1915(g) violates prisoners' constitutional rights to equal

protection of the law and access to the courts. *See Wilson v. Yaklich,* 148 F.3d 596, 604-05 (6th Cir. 1998). Furthermore, because the amended complaint indicates that Plaintiff has received treatment for his health problems, his Eighth Amendment rights are not being violated by the application of the "three strikes" rule.

Plaintiff maintains that the federal judiciary has abused its discretion when applying § 1915(g), but it appears instead that *he* has engaged in abusive conduct. The Court of Federal Claims stated back in 2009 that Plaintiff had already "filed over 60 separate federal court cases across the country" and that he continued "to inundate the courts of the United States with his repetitive filings . . . ." *Young*, 88 Fed. Cl. at 290-91. The Court of Federal Claims went on to say that Plaintiff has "made himself an example of the type of plaintiff Congress was trying to address when it enacted . . . § 1915." *Id.* at 291.

### III. Conclusion

At least three of Plaintiff's previous cases have been dismissed as frivolous, malicious, or for failure to state a claim, and Plaintiff is not eligible to proceed under the "imminent danger" exception to § 1915(g). Furthermore, his constitutional challenges to § 1915(g) lack merit. Accordingly, the Court denies permission to proceed without prepayment of the fees and costs for this action and summarily dismisses Plaintiff's complaints without prejudice under 28 U.S.C. § 1915(g). The Court also certifies that an appeal from this decision could not be taken in good faith or without prepayment of the appellate filing fee.

               s/ Nancy G. Edmunds
               NANCY G. EDMUNDS
               UNITED STATES DISTRICT JUDGE

Dated: September 20, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 20, 2018, by electronic and/or ordinary mail.

                                                s/Lisa Bartlett
                                                Case Manager